Mark D. Kachner (SBN 234192)
mark.kachner@knobbe.com
Jonathan A. Hyman (SBN 212264)
jonathan.hyman@knobbe.com
Zachery C. Rufa (SBN 355108)
zachery.rufa@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Attorneys for Plaintiff
OASIS MEDICAL, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OASIS MEDICAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOB AND BRAD, LLC, <br><br> Defendant. | Case No. 2:26-cv-7373 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR TRIAL BY JURY** |

Plaintiff OASIS MEDICAL, INC. ("Plaintiff" or "Oasis") hereby complains of Defendant Bob and Brad, LLC ("Defendant" or "Bob and Brad"), and alleges as follows:

## I.   JURISDICTION AND VENUE

1.     This is an action for (1) trademark infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. §§ 1114 and 1125(a), (2) California common law trademark infringement and unfair competition, and (3) unfair competition arising under California Business & Professions Code §§ 17200 *et seq.*

-1-

2.     This Court has original subject matter jurisdiction over the claims that relate to trademark infringement and false designation of origin pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has personal jurisdiction over Defendant because Defendant, in its regular course of business, sells physical products via its interactive website and causes those products to be delivered to this Judicial District. In doing so, Defendant exercises direct control over the ultimate distribution of its products to residents of this Judicial District and purposefully directs its activities toward this Judicial District. In addition, by committing acts of trademark infringement and unfair competition in this Judicial District, including, but not limited to, using infringing marks in connection with the sale of products and services to customers in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to Oasis' claims.

4.     This Court's exercise of personal jurisdiction is reasonable in this case because of, at least, Bob and Brad's extensive nationwide advertising, Bob and Brad's previous availment of California's courts, employment of at least one California resident as one of Defendant's executives, and awareness that its actions were causing harm in California.

5.     In addition to its sales of products to California residents, Defendant has extensive other contacts with the State of California. For example, at least one review of the products at issue on Defendant's interactive website discsses Defendant's customer service in California:

-2-



*See* https://www.bobandbrad.com/product/bob-and-brad-eyeoasis-3-eye-massager-for-tired-eye (screenshot taken June 25, 2026).

6. Defendant employs California residents, including Defendant's VP of Marketing and Business Development who lives/works in Irvine, CA:

*See* https://www.linkedin.com/in/alex-zeng-93791591/ (screenshot taken June 25, 2026).

7. Defendant also has previously availed itself of California's courts and assented to personal jurisdiction in the Central District of California. *See* Stipulated Motion to Transfer Case, *Hyper Ice, Inc. v. Bob and Brad, LLC*, D.Minn., 0:24-cv-00011-KMM-DTS, Dkt. 19 ("the parties agreed that the Central District of California would be a more convenient location for this proceeding. . . . Defendant [Bob and Brad], moreover, has consented to venue and personal jurisdiction in the Central District of California.")

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant is subject to personal jurisdiction in this Judicial District, and a substantial portion of the events complained of herein took place in this Judicial District.

## II. THE PARTIES

9. Oasis Medical, Inc. is a corporation formed in the State of California, with its principal place of business at 2035 East Financial Way, Glendora, CA 91741.

10. Bob and Brad, LLC is a limited liability company organized under Minnesota law, with its principal place of business at 66 Shady Oak Ct., Winona, MN 55987.

## III. COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A. Oasis and its OASIS® Trademark

11. Plaintiff, Oasis, is a family owned and operated business, which has grown into a major supplier of ophthalmologic surgical equipment and premium dry eye care solutions including premium lubricant eye drops and artificial tears.

12. Oasis is the owner of the well-known OASIS® line of high-quality eye care solutions, dry eye products, disposable surgical instruments, ocular lubricating eye drops, and eye masks. Oasis' products have been marketed and sold for almost 40 years in the U.S. and worldwide under the "OASIS® Marks" as defined at Paragraph 20.

-4-

13.    Among Oasis' product offerings is its Oasis Rest & Relief® eye mask. The Oasis Rest & Relief® eye mask is a reusable hot and cold therapy compress that aids in the relief of dry eyes, headache, sinus pressure, tension, and swelling. Images of Oasis' eye mask are shown below.







14. Through decades of continued use of the OASIS® Marks in the eye

care industry, Oasis has built a powerful brand under its OASIS® Marks with a strong connection to consumers.

15. As such, long before the acts of Defendant complained of herein, and by virtue of the extensive marketing conducted by Oasis, Oasis' OASIS® Marks have become recognized by consumers as designating Oasis as the source of goods and services in the eye care industry. Accordingly, the OASIS® Marks are extremely valuable to Oasis.

16. To protect its goodwill and reputation in its valuable OASIS® Marks, Oasis has registered its trademarks in the United States. Oasis owns trademark registrations for OASIS® and OASIS®-inclusive marks in the U.S., including, but not limited to, the following U.S. Trademark Registration Nos.: 5,117,151; 2,039,586; and 3,496,440.

17. The OASIS REST & RELIEF® Mark under U.S. Registration No. 5,117,151, was registered by Oasis on the Principal Register on January 10, 2017, for "Eye protection products for relief of dry eye symptoms, sinus pressure, headaches, tension, swelling, and other eye issues, namely, eye mask for heat or cold therapy" in International Class 10. A true and correct copy of the Registration Certificate for the OASIS REST & RELIEF® Mark is attached hereto as Exhibit 1. Oasis is the sole and exclusive owner of this registration. This registration remains valid and subsisting, and it has become incontestable under 15 U.S.C. § 1065.

18. The OASIS® Mark under U.S. Registration No. 2,039,586, was registered by Oasis on the Principal Register on February 25, 1997, for "Medical devices; namely, scalpels; irrigation/aspiration apparatus and parts therfor; I/A tips; cortex extractors; anterior chamber maintainers; capsule polishers; cannulas; needles; speculum; tonometer shields; nucleus bisecting devices, namely, cystomones; lens loops; lens loop amputators; capsulatomy instruments, namely; extractors and spatulas; phaco tips; lacrimal intubation sets, namely malleable

wire, tubing and retrieval apparatus; ocular pressure reducers; eye packs; filters for delivery of medical solutions; cautery tools; lens holders and collagen corneal shields" in International Class 10. A true and correct copy of the Registration Certificate for the OASIS® Mark is attached hereto as Exhibit 2. Oasis is the sole and exclusive owner of this registration. This registration remains valid and subsisting, and it has become incontestable under 15 U.S.C. § 1065.

19. The OASIS® Mark under U.S. Registration No. 3,496,440, was registered by Oasis on the Principal Register on September 2, 2008, for "Eye drops and solutions of artificial tears to provide lubrication to treat dry eye symptoms" in International Class 5. A true and correct copy of the Registration Certificate for the OASIS® Mark is attached hereto as Exhibit 3. Oasis is the sole and exclusive owner of this registration. This registration remains valid and subsisting, and it has become incontestable under 15 U.S.C. § 1065.

20. The trademark registrations identified in Paragraphs 17-19 of this Complaint and Exhibits 1-3 attached hereto, including all common law rights in the OASIS mark, are referred to herein as the "OASIS® Marks."

21. The OASIS® Marks are distinctive. Further, as a result of extensive use, advertising, marketing, and promotion of goods and services sold under the OASIS® Marks since at least as early as 1987, the OASIS® Marks have become well-known, and consumers in the U.S. and California specifically associate the OASIS® Marks exclusively with Oasis. The goodwill inherent to the OASIS® Marks is of substantial value to Oasis.

**B.      Defendant and Its Infringement**

22. Defendant Bob and Brad, LLC is a health and wellness company founded by physical therapists Bob Schrupp and Brad Heineck. The company has its origins in Schrupp and Heineck's YouTube channel, which focuses on wellness-related content and has developed a substantial online presence. Bob and Brad's YouTube channel (@BobandBrad) currently has over 5 million

subscribers and nationwide reach.

23.    As Defendant's online presence has grown, Defendant eventually expanded its offerings to include the sale of consumer wellness products, such as those shown below.



*See* *https://www.bobandbrad.com/* (screenshot taken June 25, 2026)

24.    Defendant offers for sale, sells, and advertises its products and services across the United States, including within this Judicial District. Defendant's sale of products and rendering of services to California residents is an intentional act.

25.    Defendant, in its regular course of business, sells physical products to customers in this Judicial District via its interactive website (https://www.bobandbrad.com/) and causes those products to be delivered to this Judicial District. Customers can interact with Defendant's website, including by inputting data directly into the site to purchase items that Defendant offers for sale online. Defendant ships products to customers in this Judicial District from a warehouse located in California.

26.    Defendant also sells its products directly to consumers online via its Amazon storefront and on Walmart.com, as well as through brick-and-mortar

Walmart locations, as shown below.



*See* https://www.amazon.com/stores/page/C3113FF8-512F-4048-BBE2-5A03E741296E?maas=maas_adg_api_58346827810255745_static_12_201&ref_=aa_maas&tag=maas&aa_campaignid=2ffc5af2bfb13d58848b16ef1c7534e1&aa_adgroupid=ff9b9U3o1FqPUuw3hRCBlug4aNRpUMpL693KT5_aJofIM8VLaYjOXterBALZXZPBKlKr2dRB_akW6qwVrEMQ_c_c&aa_creativeid=791ccA_bpjlSRbDDAkxniedbWG6Y4JJwYdmbXtzUodPTCzns_c&gad_campaignid=23547527194&gbraid=0AAAABBRbfHONDbpjK07Ih9upBr21cXNPp&gclid=EAIaIQobChMIrPLA5sChlQMVQpfuAR3bfhGGEAAYASAAEgJ2RfD_BwE (screenshot taken June 24, 2026)



*See* https://www.bobandbrad.com/ (screenshot taken June 24, 2026)

27. Defendant advertises its products nationwide through various channels, including, but not limited to, through its website, social media, podcast, and YouTube channel, as shown below.

*See* https://www.instagram.com/p/DZxY6uAkeAv/ (screenshot taken June 24, 2026)



See https://www.youtube.com/@BobandBrad/store (screenshot taken June 24, 2026)

*See* https://www.bobandbrad.com/podcast (screenshot taken June 25, 2026)

28. Without permission or consent from Oasis, Defendant is using the OASIS® Mark to advertise and sell goods identical to those offered by Oasis. Among Defendant's product offerings is a line of eye masks sold under the mark EYEOASIS ("Infringing Products"). Some examples of Defendant's Infringing Products and advertising are shown below:



*See* https://www.bobandbrad.com/product/bob-and-brad-eyeoasis-3-voice-control-eye-massager (screenshot taken June 24, 2026).



*See* https://www.bobandbrad.com/product/bob-and-brad-eyeoasis-3-voice-control-eye-massager (screenshot taken June 24, 2026).



*See* https://www.bobandbrad.com/product/bob-and-brad-eyeoasis-3-voice-control-eye-massager (screenshot taken June 24, 2026).



*See* https://www.youtube.com/watch?v=YMXoyGDS3ks&t=7s (screenshot

taken June 24, 2026)



*See* https://www.bobandbrad.com/product/bob-and-brad-eyeoasis-2-eye-massager?pgid=lm4xkpyz-mr-k-a-m-omar1.jpg_0 (screenshot taken June 24, 2026)

29.    Defendant, in its regular course of business, sells Infringing Products to customers in this Judicial District via its interactive website (https://www.bobandbrad.com/) and causes those products to be delivered to this Judicial District. Defendant ships Infringing Products to customers in this Judicial District from a warehouse located in California.

30.    Defendant's EYEOASIS product offers heat and cooling therapy and is specifically marketed to treat "eye strain, dry eyes, headaches, and stress," as shown below.

-16-

**Bob and Brad EyeOasis 3 Eye Massager for Tired Eye**

SKU: LPBABUSEM-312W

Developed by renowned physical therapists Bob Schrupp and Brad Heineck, the EyeOasis 3 Eye Massager is designed to deliver professional-grade eye relaxation at home. Combining heat therapy, cooling compression, and gentle acupressure kneading massage, this innovative eye care device helps relieve eye strain, dry eyes, headaches, and stress while promoting better sleep. The included removable cooling gel mask enhances relief for puffiness, red eyes, and fatigue caused by prolonged screen time. With adjustable compression and heat settings, customizable music, and an ultra-quiet motor, the EyeOasis 3 is the perfect solution for anyone seeking ultimate eye relaxation.

(Note: This item cannot be shipped to PO Boxes.)

*See* https://www.bobandbrad.com/products/bob-and-brad-eyeoasis-3-eye-massager-for-tired-eye (screenshot taken June 27, 2026).

31.     Defendant's customers specifically utilize Defendant's EYEOASIS product to treat dry eye symptoms, as shown below.

★★★★★

August 21, 2025

D.G.

**UPDATED REVIEW OF BOB AND BRAD'S EYE MASSAGE MASK**

Bob and Brad have done it again. I have their massage gun and took a chance on this. Rather expensive eye mask because I have dry eye. The mask is wonderful. It produces high quality massage and heat and music. 😊 I use it every night before bed and just love it. I do recommend it.

July 28 followup.... I had a slight problem with the mask as it wasn't heating up enough so I wrote the customer service and California and was amazed by The professional response. They completely replace the mask with no questions asked and had it to my porch in Huntsville in 2 days. An amazing company to do business with. 😊 Highly recommend!

*See* https://www.bobandbrad.com/product/bob-and-brad-eyeoasis-3-eye-massager-for-tired-eye (screenshot taken June 25, 2026).

32.     Oasis adopted and commenced use of its OASIS® Marks at least as early as 1987, and first started selling its eye mask under the OASIS® Mark in 2016, years before Defendant's first use.  Oasis's eye mask offers heat and cooling therapy and is specifically marketed to treat dry eyes, headache, sinus pressure, and tension/stress.



*See* https://oasismedical.com/wp-content/uploads/2024/01/Oasis-Vision-Catalog-v8-080725-nolines.pdf (screenshot taken June 26, 2026)

33. Oasis' eye mask and Defendant's eye mask are marketed to the same consumers, those suffering from dry eyes and seeking relief from eye strain, headaches, and stress.

34. Oasis' eye mask and Defendant's eye mask are both sold on Amazon and are therefore sold through the same channels of trade.

 

*See*

https://www.amazon.com/s?k=oasis+eye+mask&crid=1DZMMYL2LY2NB&sprefix=oasis+eye+mask%2Caps%2C191&ref=nb_sb_noss_1

(screenshots taken June 27, 2026).

35.     Defendant, along with the rest of the trade and consumers, are well aware of the OASIS® Marks, and of the goodwill represented and symbolized thereby. Notwithstanding said awareness, and in fact by reason of same, Defendant has knowingly and purposely sold, promoted, and/or marketed its identical eye mask products in the United States, including within this Judicial District, under OASIS-inclusive marks, including EYEOASIS, which are identical and/or confusingly similar to the registered OASIS® Marks.

36.     Defendant knew or should have known that its actions were causing harm to Oasis in California because Shenzhen Laige Technology Co., Ltd., the manufacturer for Defendant's EyeOasis 2, previously applied for a trademark for EYEOASIS, but the United States Patent and Trademark Office ("USPTO") rejected the application due to a likelihood of confusion with the OASIS® Marks. The user manual for Bob and Brad's EyeOasis 2 lists the Manufacturer as Shenzhen Laige Technology Co., Ltd. *See* https://m.media-amazon.com/images/I/C1Cl+guOPXL.pdf (last accessed June 25, 2026). On May 28, 2024, Shenzhen Laige Technology Co., Ltd. applied to register the mark EYEOASIS with the USPTO under U.S. Trademark Application No. 98570650 in International Class 10 for "Apparatus for acupressure therapy; Electric esthetic massage apparatus for household purposes; Electric foot spa massagers; Electric massage apparatus for household use; Electric massage appliances, namely, electric vibrating massager; Electric massage rollers; Electric massage therapy guns; Electric scalp massagers for commercial use; Massage apparatus and instruments; Massage apparatus for eyes; Massage apparatus for massaging necks and backs; Massage apparatus for neck and shoulders; Massage mitts; Massaging apparatus for personal use; Vibromassage apparatus." The USPTO issued an initial refusal because of a likelihood of confusion with Oasis' U.S. Registration Nos. 2,039,586 (OASIS®) and 5,117,151 (OASIS REST & RELIEF®). Shenzhen Laige Technology Co., Ltd. filed a response asserting there was no likelihood of confusion.  The USPTO rejected Shenzhen Laige Technology Co., Ltd.'s assertion and issued a final Office Action maintaining the refusal on the issue of likelihood of confusion on May 22, 2025. Although Shenzhen Laige Technology Co., Ltd. submitted a Request for Reconsideration, the USPTO found that "applicant did not (1) raise a new issue, (2) resolve all outstanding issue(s) in the final Office action, (3) provide any new or compelling evidence with regard to the outstanding issue(s), or (4) present analysis and arguments that were

persuasive or shed new light on the outstanding issue(s)." *See* https://tsdr.uspto.gov/documentviewer?caseId=sn98570650&docId=AIRS20251006182754&linkId=2#docIndex=1&page=1 (last accessed June 25, 2026).

37.    As such, Bob and Brad had actual or constructive knowledge of Oasis' preexisting rights via, at least, its manufacturer Shenzhen Laige Technology Co., Ltd.

38.    Defendant's actions alleged herein are intended to, and are likely to, cause confusion, mistake, or deception among consumers, and to cause them to falsely believe that Defendant, its business, and the goods and services that it offers under such marks are authorized, sponsored, or approved by Oasis or are otherwise associated, affiliated, or connected with Oasis and/or goods and services offered under Oasis' OASIS® Marks.

39.    Defendant has a duty to avoid confusion with OASIS and the OASIS® Marks because Defendant entered the market after Oasis. Nevertheless, Defendant has purposely sold, promoted, and/or marketed its identical eye mask goods in a manner that causes a likelihood of confusion with Oasis and its well-known OASIS® Marks.

40.    By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Oasis' business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Oasis' goods with Defendant's goods, and has otherwise competed unfairly with Oasis by unlawfully trading on and using Oasis' OASIS® Marks without Oasis' permission or consent.

41.    Defendant's acts complained of herein are willful and deliberate because it had actual or constructive knowledge of Oasis' senior rights and knew that its actions were likely to cause confusion.

42.    Defendant's acts complained of herein have damaged Oasis, and such damage will continue to increase unless Defendant is enjoined from its

wrongful acts and infringement.

43.    Defendant's acts complained of herein have caused and will continue to cause irreparable harm to Oasis and to the substantial goodwill embodied in the OASIS® Marks, and said acts will continue unless and until Defendant is enjoined from the wrongful acts complained of herein.

## IV.    FIRST CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

44.    Oasis hereby repeats, realleges, and incorporates by reference paragraphs 1–43 of this Complaint as though fully set forth herein.

45.    This is a claim for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

46.    As a result of the widespread use and promotion of the OASIS® Marks, the marks have become well-known to consumers and potential consumers, and consumers and potential consumers have come to associate the OASIS® Marks with Oasis.

47.    Oasis' substantial use of the OASIS® Marks in commerce has also resulted in the OASIS® Marks being protectable and enforceable. Oasis owns all rights, title, and interest in and to the OASIS® Marks, including all common law rights in such marks.

48.    Oasis is the senior user of the OASIS® Marks and enjoys priority over Defendant.

49.    Defendant has infringed the OASIS® Marks and created a false designation of origin, by using in commerce, without Oasis' permission, OASIS and OASIS-inclusive marks, which are identical and/or confusingly similar to the registered OASIS® Marks, in connection with the advertisement, offering for sale, and/or sale of Defendant's products and services, including eye mask goods.

-22-

50.     Defendant's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Oasis with Defendant, and/or as to the origin, sponsorship, or approval of Defendant's goods and services or Defendant's commercial activities, in violation of 15 U.S.C. § 1125(a).

51.     Defendant adopted and used the OASIS and OASIS-inclusive marks with the intent to trade upon Oasis' reputation and goodwill by causing confusion and mistake among consumers, and to deceive them into believing that Defendant's goods and services are associated with, sponsored by, or approved by Oasis, when they are not.

52.     Defendant had actual or constructive knowledge of Oasis' ownership and prior use of the OASIS® Marks and willfully violated 15 U.S.C. § 1125(a).

53.     Defendant, by its actions, has damaged Oasis.

54.     Defendant, by its actions, has irreparably injured Oasis. Such irreparable injury will continue unless Defendant is enjoined by this Court from further violation of Oasis' rights, for which Oasis has no adequate remedy at law.

## V.     SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

55.     Oasis hereby repeats, realleges, and incorporates by reference paragraphs 1–54 of this Complaint as though fully set forth herein.

56.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

57.     Oasis owns a valid and enforceable federally registered trademark for the OASIS REST & RELIEF® Mark with U.S. Registration No. 5,117,151.

58.     Oasis owns a valid and enforceable federally registered trademark for the OASIS® Mark with U.S. Registration No. 2,039,586.

59. Oasis owns a valid and enforceable federally registered trademark for the OASIS® Mark with U.S. Registration No. 3,496,440.

60. Defendant has infringed the OASIS® Marks by using in commerce, without permission from Oasis, colorable imitations, and/or confusingly similar marks to Oasis' OASIS® Marks that are the subject of at least Oasis' U.S. Trademark Registration Nos. 5,117,151; 2,039,586; and 3,496,440 as set forth above in connection with the advertising, marketing, and/or promoting of Defendant's goods, including eye mask goods. Such use is likely to cause confusion or mistake, or to deceive.

61. Defendant's activities complained of herein constitute willful and intentional infringements of Oasis' registered OASIS® Marks, and Defendant did so with the intent to trade upon Oasis' reputation and goodwill by causing confusion and mistake among consumers and to deceive them into believing that Defendant's goods and services are associated with, sponsored by, originated from, or are approved by, Oasis, when they are not.

62. Defendant had actual knowledge of Oasis' ownership and prior use of the OASIS® Marks and has willfully violated 15 U.S.C. § 1114.

63. Defendant, by its actions, has damaged Oasis.

64. Defendant, by its actions, has irreparably injured Oasis. Such irreparable injury will continue unless Defendant is enjoined by this Court from further violation of Oasis' rights, for which Oasis has no adequate remedy at law.

## VI.   THIRD CLAIM FOR RELIEF

### (Unfair Competition Under California Business & Professions Code §§ 17200 *et seq*.)

65. Oasis hereby repeats, realleges, and incorporates by reference paragraphs 1–64 of this Complaint as though fully set forth herein.

66. This is a claim for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

-24-

67. By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

68. Defendant's acts complained of herein constitute trademark infringement, unfair competition, and unlawful, unfair, malicious or fraudulent business practices, which have irreparably injured Oasis. Such irreparable injury will continue unless Defendant is enjoined by this Court from further violation of Oasis' rights, for which Oasis has no adequate remedy at law.

## VII. FOURTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition and Trademark Infringement)

69. Oasis hereby repeats, realleges, and incorporates by reference paragraphs 1–68 of this Complaint as though fully set forth herein.

70. This is a claim for unfair competition and trademark infringement under the common law of the State of California.

71. Defendant's acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

72. By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Oasis in violation of the common law of the State of California.

73. Defendant, by its actions, has damaged Oasis.

74. Defendant has irreparably injured Oasis. Such irreparable injury will continue unless Defendant is enjoined by this Court from further violation of Oasis' rights, for which Oasis has no adequate remedy at law.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Oasis prays for judgment against Defendant as follows:

A.     That the Court render a final judgment in favor of Oasis and against Defendant on all claims for relief alleged herein;

B.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by infringing the OASIS® Marks by using a false designation of origin, through the marketing, sale, and promotion of Defendant's products and services, including eye mask goods;

C.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1114 by infringing Oasis' trademark rights in at least the marks that are subject of U.S. Trademark Registration Nos. 5,117,151; 2,039,586; and 3,496,440;

D.     That the Court render a final judgment declaring that Defendant has violated California Business and Professions Code §§ 17200, *et seq.* by committing trademark infringement and unfairly competing with Oasis;

E.     That the Court render a final judgment declaring that Defendant has violated California common law by unfairly competing with Oasis and infringing Oasis' OASIS® Marks;

F.     That Defendant, its officers, agents, servants, employees, licensees, distributors, attorneys, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with any of them be forthwith enjoined from:

    i.    advertising, promoting, marketing, offering to sell, or selling goods or services using or in connection with the OASIS® Marks, or any variation thereof, including but not limited to, EYEOASIS, or any other confusingly similar marks;

    ii.   manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting,

transferring, selling, and/or offering to sell any unauthorized products bearing the OASIS® Marks and/or any confusingly similar marks, including, but not limited to, EYEOASIS;

    iii.    filing or maintaining any applications for registration of any trademarks confusingly similar to the OASIS® Marks, including, but not limited to, EYEOASIS;

    iv.    otherwise infringing the OASIS® Marks or any variation thereof;

    v.    falsely designating the origin of Defendant's products and/or services;

    vi.    unfairly competing with Oasis in any manner whatsoever; and

    vii.    causing a likelihood of confusion or injury to Oasis' business reputation.

G.    That Defendant be required to delete or destroy, or deliver up for destruction or other disposition, within thirty (30) days of the entry of final judgment herein, any and all signage, merchandise, packaging, labels, stationary, devices, literature, advertising, goods, and other materials in its possession, whether in hard copy, electronic, or any other format, that bear OASIS or EYEOASIS, or any trademark or designation in violation of Oasis' rights as decreed herein pursuant to 15 U.S.C. § 1118;

H.    That Defendant's actions be deemed willful;

I.    That Defendant be directed to file with this Court and serve on Oasis within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116; and

J.    That Oasis be awarded further equitable relief as the Court may deem just and appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Oasis hereby demands trial by jury of all issues raised by its Complaint that are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  July 7, 2026          By: */s/ Mark D. Kachner*
                                  Mark D. Kachner
                                  Jonathan A. Hyman
                                  Zachery C. Rufa

                                  Attorneys for Plaintiff,
                                  OASIS MEDICAL, INC.

-28-